JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-08765-JHN -JCx | Date | March 3, 2011 |
|---|---|---|---|
| Title | Paul Corrado v. Residential Funding Corp. et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   ORDER GRANTING PLAINTIFF'S MOTION TO REMAND  (In Chambers)

## I.  Introduction

The matter before the Court is Plaintiff's Motion to Remand ("Motion")(docket no. 22), pursuant to 28 U.S.C. § 1447(c), filed on February 4, 2011.  Defendant filed an Opposition on February 18, 2011 (docket no. 28).  The Court has considered the briefs filed in this matter and deems the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing scheduled for March 14, 2011 is removed from the Court's calendar.  For the reasons herein, the Court GRANTS the Motion.

## II.  Background

Plaintiff originally filed this action against Defendants in Los Angeles County Superior Court, alleging multiple federal and state causes of action related to the foreclosure on Plaintiff's residence.  On November 16, 2010, Defendants removed the action to federal court on the basis of federal question jurisdiction. (Defendant's Notice of Removal, Docket no. 1.)  On December 3, 2010, Defendants moved to dismiss Plaintiff's complaint for failure to state a claim. (Docket no. 6.)  Due to Plaintiff's failure to file any opposition, the Court granted Defendants' motion to dismiss. (Docket no. 11.)  On January 18, 2011, Plaintiff filed a First Amended Complaint ("FAC"), which alleged only state causes of action against the Defendants. (Docket no. 12.)  Plaintiff now moves to remand the case to Superior Court.

## III.  Legal Standard

The Court may remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  "[W]hen removal . . . is based on federal-question jurisdiction and all federal claims are eliminated from the lawsuit, '[i]t is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court.'"  *Gilmore v. Bank of N.Y.*, 2009 U.S. Dist. LEXIS 59325, at *7 (S.D. Cal. July 9, 2009) (quoting *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991)).  The Court's

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-08765-JHN -JCx | Date | March 3, 2011 |
|---|---|---|---|
| Title | Paul Corrado v. Residential Funding Corp. et al | | |

discretion enables the consideration of "the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *see also, Schneider v. TRW, Inc.*, 938 F.2d 986, 994-95 (9th Cir. 1991).

## IV.  Discussion

Here, remand is proper because the Court lacks both federal question jurisdiction and diversity jurisdiction over this case.[1]  Additionally, the interests of judicial economy, convenience, fairness, and comity are best served by granting the Motion.  The case has only been in federal court for four months whereas it was previously in state court for seven months, the Court has not yet analyzed the substantive issues in the case, Defendants have not shown that federal court would be a more convenient or fair forum, and all of the remaining causes of action are based solely on state law.  Moreover, despite Defendants' contention to the contrary, the Court finds that Plaintiff has not engaged in "improper forum manipulation." *See Cohill*, 484 U.S. at 357 ("[a] district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case.")  In this case, Plaintiff filed the FAC absent federal causes of action in response to Defendants' motion to dismiss, which argued Plaintiff had failed to sufficiently allege any federal claims. *See Schmutzler v. Dinwiddie Constr. Co.*, 1995 U.S. Dist. LEXIS 9038, at *6 (C.D. Cal. June 16, 1995) ("If Plaintiff has no valid federal cause of action, as Defendants allege, then Plaintiff's dropping of those claims in the hope of returning to state court can hardly be considered an unduly 'manipulative' move.").  In light of Plaintiff's amended complaint which alleges only state causes of action, the Court finds that remand of the case to Superior Court is proper.

## V.  Conclusion

**Accordingly, the Court GRANTS Plaintiff's Motion to Remand (docket no. 22) and remands the case to the Superior Court of the State of California, County of Los Angeles.**

**IT IS SO ORDERED.**

| | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |

---

[1]  Plaintiff and at least one Defendant are both citizens of California. (*See* Motion at 3.) Therefore, the Court lacks diversity jurisdiction under 28 U.S.C. Section 1332(a).